# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01379-WYD-CBS

ASHER ASSOCIATES, LLC,
a Colorado limited liability company; and
PETRA ENERGY, INC.,
a Colorado corporation,

      Plaintiffs,

v.

BAKER HUGHES OILFIELD OPERATIONS, INC.,
a California corporation, d/b/a CENTRILIFT,

      Defendant.

## AMENDED STIPULATION AND PROTECTIVE ORDER

      Each Party and each Counsel of Record stipulate and move the Court for an Amended Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and Confidential-Attorneys' Eyes Only Information (as hereinafter defined), and, as grounds therefore, state as follows:

      1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below) and Confidential-Attorneys' Eyes Only Information (as defined in paragraph 3 below). The Parties also anticipate seeking additional Confidential Information and Confidential-Attorneys' Eyes Only Information during discovery and that there will be questioning concerning Confidential Information and Confidential-Attorneys' Eyes Only Information in the course of depositions. Magistrate Judge Shaffer provided guidance on this issue at a hearing conducted on April 24, 2008. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant

injury to one or more of the Parties business or privacy interests.  The Parties have entered into this Amended Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information and Confidential-Attorneys' Eyes Only Information except as set forth herein.

   2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made there from - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing non-public trade secret or other research, development or commercial information, the disclosure of which would likely cause commercial harm to the Producing Party.  Examples of such information include, but are not limited to: strategic plans (involving pricing, marketing, research and development, corporate alliances, or mergers and acquisitions) that have not been fully implemented or revealed to the public; trade secrets; customer-specific evaluations or data (e.g., prices, volumes, or revenues); sales contracts; system maps; personnel files and evaluations; information subject to confidentiality or non-disclosure files and evaluations; information subject to confidentiality or non-disclosure agreements; proprietary technical or engineering information; proprietary financial data or projections; and proprietary consumer, customer, or market research or analyses applicable to current or future market conditions, the disclosure of which could reveal Confidential Information.

   3. The "Confidential – Attorneys' Eyes Only Information" designation shall be limited to Confidential Information that contains or comprises sensitive accounting, financial, product, marketing, research and development, customer or commercial information which, if known to the other party, even subject to the non-disclosure provisions of this Order, would

expose the producing party to competitive harm.

4. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

5. Where Confidential – Attorneys' Eyes Only Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the words "Confidential – Attorneys' Eyes Only" on the first page or cover of any document produced;

    b. By imprinting the words "Confidential – Attorneys' Eyes Only" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential – Attorneys' Eyes Only" no later than ten calendar days after receipt of the transcribed testimony.

6. All Confidential Information and Confidential – Attorneys' Eyes Only Information provided by a Party in response to a discovery request or transcribed testimony shall

be subject to the following restrictions:

      a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

      b.    It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

7.    Individuals authorized to review Confidential Information and Confidential – Attorneys' Eyes Only Information pursuant to this Protective Order shall hold such Information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

8.    The Party's counsel who discloses Confidential Information and/or Confidential – Attorneys' Eyes Only Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of such information.

9.    Confidential Information shall not be disclosed to any person or entity other than:

      a.    This Court, including court personnel, court reporters and persons operating video recording equipment at depositions in this action;

      b.    Corporate (in-house) and outside attorneys for each party actively engaged in this litigation and law clerks, paralegals, office clerks, and secretaries working under their supervision;

c. Any witness with prior knowledge of the information and/or prior or current possession of the documents to be disclosed;

d. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") retained or employed by the parties or counsel to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence, as represented in Exhibit A;

e. The Parties, deponents, witnesses, or potential witnesses; and

f. Essential insurance representatives needed for claims evaluation.

10. Confidential – Attorneys' Eyes Only Information shall not be disclosed to any person or entity other than:

a. This Court, including court personnel, court reporters and persons operating video recording equipment at depositions in this action;

b. Corporate (in-house) and outside attorneys for each party actively engaged in this litigation and law clerks, paralegals, office clerks, and secretaries working under their supervision;

c. Any witness with prior knowledge of the information and/or prior or current possession of the documents to be disclosed;

d. Any employee of the Producing Party;

e. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") retained or employed by the parties or counsel to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of

and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence, as represented in Exhibit A; and

        f.      Essential insurance representatives needed for claims evaluation.

11.      No copies of Confidential Information or Confidential – Attorneys' Eyes Only Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

12.      During the pendency of this litigation, counsel shall retain custody of Confidential Information and Confidential – Attorneys' Eyes Only Information, and copies made therefrom pursuant to paragraph 8 above.

13.      If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

14.      Objections to the Confidential – Attorneys' Eyes Only designation shall be handled in the same manner described in the above paragraph. However, each party agrees to first attempt to resolve the dispute by redacting portions of the document designated Confidential Attorneys' Eyes Only so that the document may be disclosed to the opposing party's client.

15.      In the event Confidential Information or Confidential – Attorneys' Eyes Only Information is used in any court filing or proceeding in this action, including but not limited to

its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and/or Confidential – Attorneys' Eyes Only Information and pleadings or briefs quoting or discussing such information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information and/or Confidential – Attorneys' Eyes Only Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

16. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information and Confidential – Attorneys' Eyes Only Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

17. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

18. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information and Confidential – Attorneys' Eyes Only Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, or certify as to the destruction of all Confidential Information and Confidential – Attorneys' Eyes Only Information.

19. Nothing in this Protective Order shall preclude any Party from filing a motion

seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information or Confidential – Attorneys' Eyes Only Information shall be treated at trial.

DATED at Denver, Colorado, this 7th day of May, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| s/ Lee Katherine Goldstein | s/ M. Antonio Gallegos |
| Scott T. Rodgers, Esq.<br>Lee Katherine Goldstein, Esq.<br>LINDQUIST & VENNUM, P.L.L.P.<br>600 17th Street, Suite 1800 South<br>Denver, Colorado 80202<br>Telephone: (303) 573-5900<br>srodgers@lindquist.com<br>lgoldstein@lindquist.com | Dennis Brown, Esq.<br>M. Antonio Gallegos, Esq.<br>HOLLAND & HART, LLP<br>555 Seventeenth Street, Suite 3200<br>Denver, Colorado 80201<br>Telephone: (303) 295-8000<br>dbrown@hollandhart.com<br>agallegos@hollandhart.com |
| **ATTORNEYS FOR PLAINTIFFS** | **ATTORNEYS FOR DEFENDANT** |

**EXHIBIT A**

**AFFIDAVIT**

STATE OF COLORADO )
                               ) ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *, a copy of which is attached to this Affidavit.

2. I have been informed by *, Esq., counsel for *, that the materials described in the list attached to this Affidavit are Confidential Information and/or Confidential – Attorneys' Eyes Only Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information or Confidential – Attorneys' Eyes Only Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information or Confidential – Attorneys' Eyes Only Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

                                                             (Signature)

                                                             (Print or Type Name)

                                                              Address:

                                                              Telephone No.: (\_\_\_)_____

SUBSCRIBED AND SWORN to before me this * day of *, 20__, by
_____.

    WITNESS my hand and official seal.

[S E A L]

_____
Notary Public

My Commission Expires: _____