IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01379-WYD-CBS

ASHER ASSOCIATES, L.L.C., a Colorado Limited Liability Company; and
PETRA ENERGY, INC., a Colorado corporation,

     Plaintiffs,

v.

BAKER HUGHES OILFIELD OPERATIONS, INC., a California corporation, d/b/a
CENTRILIFT,

     Defendant.

---

**ORDER**

---

I.    INTRODUCTION AND BACKGROUND

THIS MATTER is before the Court on both the Defendant's Motion for Partial Summary Judgment to Prohibit Plaintiffs' Claims for Certain Categories of Damages (docket #70), filed October 10, 2008 and Plaintiff/Counterclaim Defendants' Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 (docket #71), filed October 10, 2008.  For the reasons stated below, both motions for summary judgment are denied.

This action arises out of a dispute which occurred after an electrical submersible pump system ("ESP") was installed into the Plaintiffs' oil well and subsequently failed. By way of background and relevant to the motions before me, it is undisputed that Plaintiff Petra Energy, Inc. ("Petra") owns an oil well located in Bright Field, Wyoming,

known as Well 44-5.[1]  Plaintiff Asher Associates, LLC ("Asher") is the operator of Well 44-5.  In 1997, Petra and Asher decided to return Well 44-5 to production.  In 2004, Asher began discussions with Defendant Centrilift ("Centrilift") about the possibility of installing an ESP in Well 44-5 that Asher would lease from Centrilift.  Pursuant to these discussions, Asher and Centrilift entered into two separate contracts, one in 2005 and the other in 2006, for the installation and test of a Centrilift ESP in Well 44-5.  A conflict arose over three installations and subsequent removals of ESP's in Well 44-5.

On April 17, 2007, Plaintiffs filed a complaint in the District Court for the City and County of Denver.  On June 29, 2007, Defendant removed the action to this Court.  Plaintiffs assert claims for breach of contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, and breach of express warranty.  Centrilift answered Plaintiffs' complaint and asserted a breach of contract counterclaim against Asher seeking payment of an outstanding balance of $23,257.45 for work Centrilift performed.

II.     ANALYSIS

    A.     Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories,

---

[1] I note that Plaintiffs failed to follow my practice standards with respect to the format of their motion for summary judgment, response, or reply.  Therefore, any fact not specifically denied by the Plaintiffs as required in Section III(B) of my practice standards is deemed admitted.  Additionally, all future pleadings shall comply with my practice standards or they will be stricken from the record.

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

"[The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323.

B.  Defendant's Motion for Partial Summary Judgment to Prohibit Plaintiffs' Claims for Certain Categories of Damages

In the motion, the Defendant requests that I prohibit the Plaintiffs from seeking, under their five contract claims, the following categories of damages: (1) out of pocket costs; (2) interest on lost revenues; (3) loss of production; (4) interest on loans incurred by plaintiffs; and (5) lost business opportunity.  The Defendant argues that the plain language of the contracts governing this case preclude the Plaintiffs from seeking the aforementioned categories of damages under their contract claims.  On the other hand, the Plaintiffs argue that the motion is procedurally improper because a party may not move for summary judgment solely on the categories of damages that are available.  I agree.

Fed. R. Civ. P. 56(b) provides that "[a] party against whom relief is sought may move . . . for summary judgment on all of part of the claim."  It is well-settled that "summary judgment is not appropriate 'if the judgment would not be dispositive of [a] claim.'" *Nuclear Cardiology Systems, Inc. v. Hai*, 2007 WL 2288194 (D. Colo. 2007) (citing *City of Wichita, Kan. v. U.S. Gypsum Co.*, 828 F. Supp. 851, 869 (D. Kan. 1993), *overruled on other grounds by City of Wichita, Kan. v. U.S. Gypsum*, 72 F.3d 1491 (10th Cir. 1996).

Here, Defendant is essentially asking that I make an advisory opinion prohibiting the Plaintiffs from seeking certain damages on their contract claims at trial. This is a hypothetical scenario.  Should the Defendant prevail at trial on the issue of liability, it would be unnecessary for me to address the issue of damages.  Similarly, since

Plaintiffs are seeking the identical categories of damages on their tort claims, should Plaintiffs prevail on their non contract theories, I need not address the issue of damages on the contract claims.  Further, "[f]ederal courts have no power to give advisory opinions or to adjudicate constitutional questions in the absence of concrete legal issues, presented in actual cases, not abstractions."  *Oklahoma City, Ok. v. Dulick*, 318 F.2d 830, 831 (10th Cir. 1963).  Accordingly, because I find that Defendant's motion is both seeking an advisory opinion and will not resolve a claim, the motion is denied.

      C.     <u>Plaintiff/Counterclaim Defendants' Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56</u>

In the motion, Asher seeks summary judgment on Centrilift's counterclaim that it owes an outstanding balance of $23,257.45 for work performed by Centrilift.  Asher argues that "[o]n June 3, 2009, Plaintiffs deposed Kent Wells, the employee that Centrilift designated as the company's Rule 30(b)(6) representative with authority to testify about any outstanding invoices." (Asher's Mot. Summ. J. 3.)  Asher claims that in the deposition, Wells initially stated that Asher owed Centrilift $23,257.54.  However, later in the deposition, Wells was asked about an August 9, 2006 email he drafted that states that Plaintiffs had paid each of the six invoices set forth in the counterclaim.  In his deposition, Wells stated that he believed that the email was accurate.  Thus, Asher believes that the undisputed testimony is that the Plaintiffs have paid the six invoices that Centrilift relies upon in its counterclaim.

In response, Centrilift argues that the "informal email from Centrilift, which identifies some—but not all—invoices sent to Asher as being paid" does not constitute

an admission that Asher has paid its account in full. (Centrilift's Resp. 1.) In support of its argument, Centrilift submitted an affidavit by Mr. Wells stating, *inter alia*, that Asher still owes an outstanding balance of $23,257.45. Thus, Centrilift claims that there is a question of fact precluding summary judgment. I agree.

After carefully considering the evidence submitted by both parties in connection with this issue and viewing it in the light most favorable to Centrilift, I find that Centrilift demonstrated through its response to Asher's motion for summary judgment that there are genuine issues of material fact regarding the counterclaim. I do not find that the affidavit submitted by Centrilift represents an attempt to create a sham fact issue. *See Steele v. Kroenke Sports Enterprises, LLC*, 264 Fed.Appx. 735, 744 (10th Cir. 2008) (citing *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986). At a minimum, there are credibility issues surrounding Mr. Wells that must resolved by a jury. Accordingly, I find that summary judgment is not proper on the counterclaim.

III.   CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant's Motion for Partial Summary Judgment to Prohibit Plaintiffs' Claims for Certain Categories of Damages (docket #70), filed October 10, 2008, is **DENIED.** It is

FURTHER ORDERED that Plaintiff/Counterclaim Defendants' Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 (docket #71), filed October 10, 2008, is **DENIED.**

Dated: May 20, 2009

                                      BY THE COURT:

                                      <u>s/ Wiley Y. Daniel</u>
                                      Wiley Y. Daniel
                                      Chief United States District Judge